United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GARAY AMADOR MENDEZ, et al.,
Plaintiffs,

v.

SERGIO ALBARRAN, et al.,
Defendants.

Case No. 26-cv-13190-JD

**ORDER RE TEMPORARY RESTRAINING ORDER**

Petitioners Garay Amador Mendez, Jaime Josue Martinez Torres, and Juan Manuel Torres Quevedo were arrested and detained by ICE in San Francisco, California. Dkt. No. 1 ¶ 1. They filed a petition for a writ of habeas corpus and a motion for a temporary restraining order (TRO) for release from detention pending further proceedings. Dkt. No. 1 (petition); Dkt. No. 4 (TRO). Respondents, all named in their official capacities, are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; David Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, U.S. Attorney General. Dkt. No. 1 ¶¶ 11-14. The United States filed an opposition brief, Dkt. No. 7, and petitioners filed a reply, Dkt. No. 8. A TRO is granted.

The reasons for the TRO are straightforward. Petitioners state, without objection by the government, that ICE arrested them on November 4, 2026, pursuant to 8 U.S.C. § 1226(a). Dkt. No. 7 at 7. Respondents do not contend that petitioners were arrested pursuant to a valid warrant. *Id.* at 5. Rather, they say that a warrantless arrest would not be grounds for habeas relief, and that § 1226(a) provides other pathways to relief. *Id.* at 5-12.

Respondents were given notice of petitioners' TRO application and filed an opposition. Consequently, "the same legal standard as a motion for a preliminary injunction applies." *Fang v.*

*Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-cv-06071-JD, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017). Under these familiar standards, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The irreparable harm must be "*likely* in the absence of an injunction" and not merely possible, no matter how strong the likelihood that petitioners will prevail on the merits. *Id.* at 21-22 (emphasis in original).

In our circuit, it is well established that a preliminary injunction may also be issued where "the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (internal quotation marks omitted) (alteration in original). Our circuit held after careful consideration that "the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test." *Id.* at 1131-32; *see also id.* at 1134 (affirming "the longstanding discretion of a district judge to preserve the *status quo* with provisional relief until the merits could be sorted out in cases where clear irreparable injury would otherwise result and at least 'serious questions' going to the merits are raised" (quoting *Save Strawberry Canyon v. Dep't of Energy*, No. C 08-03494 WHA, 2009 WL 1098888, at *2 (N.D. Cal. Apr. 22, 2009))). Our circuit has continued to apply this test. *See, e.g., hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1191 (9th Cir. 2022) (finding that "hiQ has raised 'serious questions going to the merits'" and affirming the district court's grant of a preliminary injunction) (citation omitted); *Doe v. S.D. Unified Sch. Dist.*, 19 F.4th 1173, 1177 (9th Cir. 2021) ("[T]he sliding scale test 'remains viable after the Supreme Court's decision in *Winter*.'") (citation omitted).

An arrest under Section 1226 requires a warrant. *See* 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained."). The authority of the immigration officers to make the warrantless arrest in this case is governed by 8 U.S.C. § 1357(a)(2). "Section 1357(a)(2) requires that the arresting officer reasonably believe that the alien

is in the country illegally *and* that she is likely to escape before a warrant can be obtained for her arrest." *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) (emphasis in original) (cleaned up). The same requirements are imposed by Department of Homeland Security regulations. 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.").

The record indicates that the arrests in this case were made without a warrant. Respondents do not contend otherwise, but say that a warrantless arrest is not grounds for release. Dkt. No. 7 at 5. In certain situations, 8 U.S.C. § 1357(a)(2) permits immigration officers to make warrantless arrests. This was not one of them. Respondents did not demonstrate that the officers made an individualized determination that petitioners were "likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Consequently, petitioners' arrests were made without a warrant under Section 1226(a) and outside an exception for a warrant in Section 1357(a)(2).

Overall, petitioners have, at a minimum, raised "serious questions going to the merits" of their habeas petition. *Cottrell*, 632 F.3d at 1131. For the other factors of injunctive relief, there is no question that petitioners are experiencing immediate and irreparable harm from detention. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (noting "the irreparable harms imposed on anyone subject to immigration detention"). In addition, the balance of equities and public interest in ICE's compliance with federal law weighs in the petitioners' favor. *See Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1029 (9th Cir. 2013) ("It would not be equitable or in the public's interest to allow the state to violate the requirements of federal law.") (cleaned up).

Consequently, a TRO is granted on the ensuing terms to preserve the status quo while the merits of the habeas petition are resolved.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are directed to immediately release Garay Amador Mendez, Jaime Josue Martinez Torres, and Juan Manuel Torres Quevedo from custody, by 5:00 p.m. on November 6, 2026.

The government will file a status report by 6:00 p.m. on November 6, 2026, confirming that petitioners have been released.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining Garay Amador Mendez, Jaime Josue Martinez Torres, and Juan Manuel Torres Quevedo without a pre-detention individualized custody determination.

(3) Respondents will show cause in writing by November 11, 2026, why a preliminary injunction should not issue. Petitioners may file a response by November 13, 2026. If needed, a hearing will be set by further order.

(4) The parties are directed to jointly submit, by November 16, 2026, a proposed briefing schedule on the petition for habeas corpus.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so petitioners need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

**IT IS SO ORDERED.**

Dated: November 6, 2026

JAMES DONATO
United States District Judge